RICHARD S. FALCONE, Bar No. 95265
STEPHEN K. ROBINSON, Bar No. 217898
E-Mail: rsf@paynefears.com; skr@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

ERIC C. SOHLGREN, Bar No. 161710
E-Mail: ecs@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

ERIC A. WELTER (*pro hac vice* application to be submitted)
E-Mail: eaw@welterlaw.com
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, Virginia 20170
Telephone: (703) 435-8500 ext. 101
Facsimile: (703) 435-8851

Attorneys for Defendant
7-ELEVEN, INC. (improperly named as "7-ELEVEN CORPORATION")

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

KENNETH B. QUANSAH, JR.,

Plaintiff,

v.

7-ELEVEN STORE #25561 (JAY MOUSAVI, SADU SIGH), 7-ELEVEN CORPORATION (JAY MOUSAVI) AND META TECHNOLOGIES, INC. (GARICK / GORE), A.K.A.,

Defendants.

CASE NO. CV 08-01012 JF HRL

**DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. Rules 12(b)(6) and 56] [Supporting Declaration Filed Concurrently Herewith Under Separate Cover]**

Hearing Date: September 12, 2008
Time: 9:00 a.m.
Courtroom: 3, 5th Floor
Judge: Hon. Jeremy Fogel

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

**TABLE OF CONTENTS**

NOTICE OF MOTION ........ 1
STATEMENT OF RELIEF SOUGHT ........ 1
MEMORANDUM OF POINTS AND AUTHORITIES ........ 1
I. INTRODUCTION ........ 1
II. STATEMENT OF MATERIAL FACTS ........ 2
III. THE APPLICABLE LEGAL STANDARD ........ 3
IV. THE CLAIMS IN PLAINTIFF'S FIRST CAUSE OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ........ 4
A. Plaintiff Fails To State A Claim For Relief Under The Fourth And Fourteenth Amendments To The United States Constitution ........ 4
B. Plaintiff Fails To State A Claim For Relief Under Title VII ........ 5
1. Plaintiff Was Not An Employee Of 7-Eleven Or Its Franchisee ........ 5
2. Plaintiff Did Not Exhaust His Administrative Remedies ........ 7
C. Plaintiff Fails To State A Claim For Relief Under 42 U.S.C. § 1983 ........ 8
D. Plaintiff Fails To State A Claim For Relief Under 42 U.S.C. § 1985 ........ 8
E. Plaintiff Fails To State A Claim For Relief Under The Fourteenth Amendment To The United States Constitution ........ 9
F. Plaintiff Fails To State A Claim For Relief Under 42 U.S.C. § 1981 ........ 10
V. THE CLAIMS IN PLAINTIFF'S SECOND CAUSE OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ........ 10
A. Plaintiff Fails To State A Claim For Negligence ........ 10
B. Plaintiff Fails To State A Claim For Harassment ........ 11
C. Plaintiff Fails To State A Claim For Intentional Infliction Of Emotional Distress ........ 11

    D. Plaintiff Fails To State A Claim Under California Labor Code Section 216........ 12

VI. CONCLUSION ........................................................................................................ 12

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

ii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMO OF POINTS AND AUTHORITIES

Case No. CV 08-01012 JF HRL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

# TABLE OF AUTHORITIES

## CASES

Adcock v. Chrysler Corp. 166 F.3d 1290 (9th Cir. 1999) ....................5

Alberter v. McDonald's Corp., 70 F.Supp.2d 1138 (D.Nev. 1999)....................7

Baker v. McNeil Island Corrections Ctr., 859 F.2d 124 (9th Cir. 1988) ....................5

Balistreri v. Pacifica Police Dep't., 901 F.2d 696 (9th Cir. 1990) ....................3, 11

Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955 (2007) ....................3, 11

Blank v. Kirwan (1985) 39 Cal.3d 311, 216 Cal.Rptr. 718, 703 P.2d 58 ....................9

Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288 (2001) ....................4

Brown v. General Servs. Admin., 425 U.S. 820 (1976) ....................7

Burdeau v. McDowell, 256 U.S. 465 (1921) ....................4

Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) ....................8, 9

Carey v. Piphus, 435 U.S. 247 (1978) ....................8

Celotex Corp. v. Catrett, 477 U.S. 317 (1998)....................3

Cervantez v. J.C. Penney Co. (1979) 24 Cal.3d 579, 595 P.2d 975, 156 Cal.Rptr. 198....................12

Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969 (9th Cir. 2004) ....................12

Cislaw v. Southland Corporation (1992) 4 Cal.App.4th 1284, 6 Cal.Rptr.2d 386 ....................6, 7

Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994)....................3

Edwards v. Marin Park, Inc., 356 F.3d 1058 (9th Cir. 2004) ....................3

Emery v. Visa International Service Association (2002) 95 Cal.App.4th 952, 116 Cal.Rptr.2d 25 ....................6

Evans v. McDonald's Corp., 936 F.2d 1087 (10th Cir., 1991)....................7

Galvez v. Kuhn, 933 F.2d 773 (9th Cir. 1991) ....................11

General Bldg. Contractor Ass'n v. Pennsylvania, 458 U.S. 375, 387-91 (1982)....................10

Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980) ....................9

Griffin v. Breckenridge, 403 U.S. 88 (1971) ....................9

Griggs v. Duke Power Co., 401 U.S. 424 (1971) ....................5

Howell v. Chick-Fil-A, Inc., 1993 WL 603296 (N.D.Fla. 1993) ....................7

In re Christopher H. (1991) 227 Cal.App.3d 1567, 278 Cal.Rptr. 577 ....................4

Kaplan v. Coldwell Banker Residential Affiliates, Inc. (1997) 59 Cal.App.4th 741, 69 Cal.Rptr.2d 640 ....................6

Koepke v. Loo (1993) 18 Cal.App.4th 1444, 23 Cal.Rptr.2d 34 ....................10

Lowe v. City of Monrovia, 775 F.2d 998 (9th Cir. 1986), as amended, 784 F.2d 1407 (9th Cir.1986) ....................10

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982) ....................4

Lutcher v. Musicians Union Local 47, 633 F.2d 880 (9th Cir. 1980) ....................5

Newberry v. Pacific Racing Ass'n, 854 F.2d 1142 (9th Cir. 1988) ....................12

Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895 (9th Cir. 2007) ....................3

Owen v. Independence, 445 U.S. 622 (1980) ....................8

Post v. Palo/Haklar & Associates, (2000) 23 Cal.4th 942, 4 P.3d 928, 98 Cal.Rptr.2d 671 ....................12

Rinker v. County of Napa, 831 F.2d 829 (9th Cir. 1987) ....................8

Sharon P. v. Arman, Ltd. (1999) 21 Cal.4th 1181, 91 Cal.Rptr.2d 35, 989 P.2d 121, *disapproved on other grounds* in Aguilar v. Atlantic Richfield Co., 25 Cal.4th at p. 853, fn. 19, 107 Cal.Rptr.2d 841, 24 P.3d 493 ....................10

Singh v. 7-Eleven, Inc., 2007 WL 715488 (N.D. Cal. 2007) ....................6, 7

Single Moms, Inc. v. Montana Power Co., 331 F.3d 743 (9th Cir. 2003) ....................4

Skinner v. Railway Labor Executives' Assn., 489 U.S. 602 (1989) ....................4

Sommatino v. United States, 255 F.3d 704 (9th Cir. 2001) ....................7

Stache v. Int'l Union of Bricklayers and Allied Craftsman, AFL-CIO, 852 F.2d 1231 (9th Cir. 1988) ....................7

Trerice v. Blue Cross of California (1989) 209 Cal.App.3d 878, 257 Cal.Rptr. 338 ....................11

United Bd. of Carpenters & Joiners v. Scott, 463 U.S. 825 (1983) ....................4, 8, 9

Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136 (9th Cir. 2003) ....................3

**STATUTES**

42 U.S.C. § 1981(a) ....................10

42 U.S.C. § 1983 ....................8

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

42 U.S.C. § 2000e-2(a) ....................5

42 U.S.C. § 2000e-5....................7

**RULES**

Fed. R. Civ. Pro. 56(c) ....................3

Fed. R. Civ. Pro. 12(b)(6). ....................3

**TREATISES**

1 *Wilcox, Cal. Employment Law* (2000) § 1.04[1][a] ....................12

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

v

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMO OF POINTS AND AUTHORITIES

Case No. CV 08-01012 JF HRL

**TO PLAINTIFF KENNETH B. QUANSAH, JR.:**

**PLEASE TAKE NOTICE** that on Friday September 12, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Jeremy Fogel, Defendant 7-Eleven, Inc. ("7-Eleven") will and hereby does move the Court pursuant to Rule 12 of the Federal Rules of Civil Procedure for an Order granting the motion to dismiss as to each and all Claims for Relief stated in Plaintiffs' Complaint against 7-Eleven on the grounds that the Claims for Relief fails to state a claim upon which relief may be granted or, in the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order granted the motion for summary judgment as to each and all Claims for Relief stated in Plaintiffs' Complaint against 7-Eleven on the grounds that there is no dispute as to any material fact and 7-Eleven is entitled to judgment as a matter of law.

This Motion is based on this Notice of Motion and motion, the attached memorandum of points and authorities, all papers and records on file in this case (including the Declaration of Edie Bayer and exhibits thereto), all matters in which the Court may properly take judicial notice, and such other evidence and arguments that may be presented at or before the hearing on this motion.

**STATEMENT OF RELIEF SOUGHT**

By this motion, Defendant 7-Eleven, Inc. respectfully requests that the Court dismiss the Complaint and each of the causes of action alleged against it or, in the alternative, grant summary judgment as to each of the causes of action alleged in Plaintiffs' Complaint against it, and that judgment be entered in favor of Defendant 7-Eleven, Inc. and against Plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case is brought by a *pro se* litigant against a number of unrelated defendants. Defendant 7-Eleven, Inc. (improperly named in the Complaint as "7-Eleven Corporation") ("7-Eleven") owns the retail food store that is apparently the subject of the instant lawsuit. Defendant Jay Mousavi is a former 7-Eleven franchisee at that store; Defendant Sadu Singh was one of his employees. 7-Eleven is not clear on the relationship of Meta Technologies, Inc. to this

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

case. As discussed below in more detail, Plaintiff has failed to state any cognizable claim against 7-Eleven in the Complaint. Accordingly, the Court should dismiss the Complaint as against 7-Eleven. Alternatively, because 7-Eleven has submitted evidence in support of the instant motion calling Plaintiff's claims into question, the Court should enter summary judgment in its favor and dismiss the Complaint and all claims in it against 7-Eleven with prejudice.

## II.  STATEMENT OF MATERIAL FACTS

7-Eleven is a Texas corporation that owns, operates and franchises food stores under the trademarked name "7-Eleven." (*Declaration of Edie Bayer* ¶ 2). 7-Eleven franchisees operate 7-Eleven food stores pursuant to a written independent contractor franchise agreement. (Id. ¶ 3). During the relevant time period, Defendant Jay Mousavi was the franchise owner of 7-Eleven Franchise Store No. 25561. (Id. ¶ 4). 7-Eleven and Mousavi's franchise relationship was governed by an independent contractor franchise agreement. (Id. ¶ 4). Pursuant to the independent contractor franchise agreement, 7-Eleven franchisees were not employees of 7-Eleven, and therefore Mousavi was not an employee of 7-Eleven. (Id. ¶ 4). Also, pursuant to the independent contractor franchise agreement, a franchisee is responsible for the labor relations in the franchise store. (Id. ¶ 5). 7-Eleven has no record of Plaintiff as an employee or otherwise. (Id. ¶ 6). 7-Eleven is not aware of any relationship between it and Defendant Meta Technologies, Inc. (Id. ¶ 7).

On February 20, 2008, Plaintiff filed a Complaint For Punitive Damages, Compensatory Damages and Damages against 7-Eleven, as well as 7-Eleven Store No. 25561 and Meta Technologies, Inc., with this Court. Pursuant to Fed. R. Civ.P. 12(b)(6), 7-Eleven moves to dismiss plaintiffs claims brought under 42 U.S.C. § 1981, § 1983, § 1985, the United States Constitution, 42 U.S.C. 2000 et. seq. (Title VII), the California Labor Code and common law negligence for failure to state a claim upon which relief can be granted. Defendants also move, in the alternative, for summary judgment with respect to Plaintiff's claims under Title VII and the California Labor Code.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

2
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMO OF POINTS AND AUTHORITIES          Case No. CV 08-01012 JF HRL

**III. <u>THE APPLICABLE LEGAL STANDARD.</u>**

7-Eleven has moved this Court to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007). A court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Outdoor Media Group, Inc. v. City of Beaumont,</u> 506 F.3d 895, 899-900 (9th Cir. 2007). The complaint is construed in the light most favorable to the Plaintiff, but the court is not "required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994). Conclusory allegations that are contradicted by documents referred to in the complaint need not be accepted as true. <u>Warren v. Fox Family Worldwide, Inc</u>., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal citation omitted).

A complaint needs to satisfy the Rule 8(a) notice pleading standard to survive a Rule 12(b)(6) dismissal. <u>Edwards v. Marin Park, Inc</u>., 356 F.3d 1058, 1062 (9th Cir. 2004). Under Rule 8(a), the plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp.</u>, 127 S.Ct at 1965 (internal citation and quotation marks omitted). Dismissal under Rule (12)(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

As the U.S. Supreme Court has stated: "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1998); Fed. R. Civ. Pro. 56(c).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

**IV. THE CLAIMS IN PLAINTIFF'S FIRST CAUSE OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

Because Plaintiff's First Cause of Action contains multiple purported claims for relief against 7-Eleven, each claim for relief will be separately addressed below.

**A. Plaintiff Fails To State A Claim For Relief Under The Fourth And Fourteenth Amendments To The United States Constitution.**

Plaintiff fails to state a federal constitutional claim against 7-Eleven, which is a private corporation. "The United States Constitution protects individual rights only from government action, not from private action." Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001). Plaintiff does not allege the requisite state action to support his due process or equal protection claims under the Fourth and Fourteenth Amendments. See, e.g., Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003).

The proscription against unreasonable search and seizure in the Fourth Amendment applies only to the acts of government officers or their agents. The right secured is a right to be free from unreasonable governmental intrusion or acquisition. Skinner v. Railway Labor Executives' Assn., 489 U.S. 602, 614 (1989); Burdeau v. McDowell, 256 U.S. 465, 475 (1921); In re Christopher H. (1991) 227 Cal.App.3d 1567, 1572, 278 Cal.Rptr. 577. A claim based on deprivation of Fourteenth Amendment rights requires proof of State involvement or action because the Fourteenth Amendment "protects the individual against state action, not against wrongs done by individuals." United Bd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 832 (1983). In order for conduct by private parties to be deemed state action under the federal Constitution, "the party charged with the deprivation [of a federal right] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Without such a limitation, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them. Id.; see also In re Christopher H., 227 Cal.App.3d at p. 1576, 278 Cal.Rptr. 577 [detention and search by private security guards did not implicate Fourth Amendment rights].

7-Eleven is not a government officer, nor is it alleged that 7-Eleven is a governmental officer or state actor. It cannot fairly be said that 7-Eleven, a private corporation incorporated in the State of Texas, was a state actor. Thus, Plaintiff has failed to state a claim against 7-Eleven under the Fourth and Fourteenth Amendments to the U.S. Constitution.

**B. Plaintiff Fails To State A Claim For Relief Under Title VII.**

**1. Plaintiff Was Not An Employee Of 7-Eleven Or Its Franchisee.**

Plaintiff has not alleged that an employment relationship existed between 7-Eleven and Plaintiff and therefore cannot bring a claim under Title VII. Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire ... any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). As the United States Supreme Court has stated, one of Congress' objectives in enacting Title VII was "to achieve equality of employment opportunities." Griggs v. Duke Power Co., 401 U.S. 424, 429 (1971). "Consequently, there must be some connection with an employment relationship for Title VII protections to apply." Adcock v. Chrysler Corp. 166 F.3d 1290, 1292 (9th Cir. 1999) (quoting Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980)); see also Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir. 1988).

Plaintiff does not allege that the requisite employment relationship existed between him and 7-Eleven. Indeed, Plaintiff's Complaint is devoid of any reference to employment. Because no employment relationship is alleged in the Complaint, Plaintiff's Title VII claim fails.

Further, even if the Court reads the Complaint broadly to include allegations of an employment relationship, 7-Eleven is not a proper party to this action. Title VII protects employees, but it does not protect independent contractors. Adcock, 166 F.3d at 1292. Defendant 7-Eleven Store #25561, is a franchise store owned by Jay Mousavi. 7-Eleven franchisees are independent contractors. Even if Plaintiff worked at 7-Eleven Store 25561, (which he does not allege) he would have been an employee of the franchisee, not an employee or 7-Eleven. Indeed, the evidence of record before the Court is that Plaintiff was neither an employee of 7-Eleven nor of its franchisee. Accordingly, Plaintiff's Title VII claim should be dismissed.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

Alternatively, the Court should enter summary judgment in 7-Eleven's favor on this claim. As discussed above, in order to establish a claim under either Title VII, Plaintiff must establish that an employment relationship existed between 7-Eleven and himself. California courts have consistently recognized that the principle test for determining employment relationships is the right of control over the manner or means of accomplishing the result desired." Singh v. 7-Eleven, Inc., 2007 WL 715488 *3 (N.D. Cal. 2007) (citations omitted). It is well settled that a principal-agency relationship exists only when the franchisor retains complete or substantial control over the daily activities of the franchisee's business. Cislaw v. Southland Corporation (1992) 4 Cal.App.4th 1284, 6 Cal.Rptr.2d 386; see also Emery v. Visa International Service Association (2002) 95 Cal.App.4th 952, 116 Cal.Rptr.2d 25; Kaplan v. Coldwell Banker Residential Affiliates, Inc. (1997) 59 Cal.App.4th 741, 69 Cal.Rptr.2d 640. The Singh and Cislaw decisions involved 7-Eleven franchisees.

The Singh case, decided in March 2007, involved former employees of a 7-Eleven franchisee who filed suit against 7-Eleven and the franchisee to recover unpaid overtime and meal break compensation under the Fair Labor Standards Act and the California Labor Code. The claims against 7-Eleven were based on the theory that 7-Eleven and the franchisee were joint employers. This Court found that 7-Eleven did not control the daily activities of the franchise store and therefore it was not the plaintiffs' employer.

The franchise agreement in Singh contained the independent contractor provision as the franchise agreement between Mousavi and 7-Eleven. Under this agreement, 7-Eleven does not maintain the requisite control over the employees of a franchise store to create an employment relationship under Title VII or the California Labor Code. The franchise agreement explicitly states that 7-Eleven has no right to control the franchisee's employees. In fact, 7-Eleven maintains no control over the franchisee's employment policies or employment decisions. Therefore, 7-Eleven cannot, as a matter of law, be held liable for the employment decisions made in Store No. 25561 by Mousavi or Mousavi's agents. Plaintiff complaint contains no factual allegations to suggest otherwise.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMO OF POINTS AND AUTHORITIES

Case No. CV 08-01012 JF HRL

7-Eleven's franchise service standards imposed on Mousavi under the independent contractor franchise agreement for Store No. 25561 do not create a joint employer relationship. Singh, 2007 WL 715488 at *4 (citing Evans v. McDonald's Corp., 936 F.2d 1087, 1090 (10th Cir., 1991); Alberter v. McDonald's Corp., 70 F.Supp.2d 1138, 1145 (D.Nev. 1999)). "The franchisor's interest in the reputation of its entire system allows it to exercise certain controls over the enterprise without running the risk of transforming the independent contractor franchisee into an agent." Cislaw, 4 Cal.App.4th at 1292; see also Howell v. Chick-Fil-A, Inc., 1993 WL 603296 *2, n.2 (N.D.Fla. 1993) (noting in a FLSA case brought by an employee of a franchisee against franchisor that that court has "not discovered a reported case in which a franchisor has been liable to an employee of an independent contractor."). As such, because Plaintiff cannot show that an employment relationship existed at 7-Eleven Franchise Store No. 25561 between himself and 7-Eleven, Plaintiff cannot establish a cause of action against 7-Eleven under Title VII. Therefore, Plaintiff's claims fail as a matter of law.

**2. Plaintiff Did Not Exhaust His Administrative Remedies.**

Plaintiff's Title VII claims should also be dismissed for failure to exhaust administrative remedies. Before bringing an employment discrimination action under Title VII, a plaintiff must first exhaust administrative remedies by filing a complaint with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5; Brown v. General Servs. Admin., 425 U.S. 820, 832-33 (1976); Stache v. Int'l Union of Bricklayers and Allied Craftsman, AFL-CIO, 852 F.2d 1231, 1233 (9th Cir. 1988). "[S]ubstantial compliance with the presentment of discrimination complaints to an appropriate administrative agency" is a prerequisite to the district court's exercise of jurisdiction over a plaintiff's Title VII claims. Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).

Plaintiff does not allege in his Complaint any exhaustion of administrative remedies. The Complaint contains no reference to a compliant being filed with any administrative agency. As such, Plaintiff's Title VII claim should be dismissed.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

**C. Plaintiff Fails To State A Claim Under For Relief Under 42 U.S.C. § 1983.**

7-Eleven is not a state actor and, as such, cannot be liable for civil rights violations under 42 U.S.C. § 1983. A plaintiff asserting a claim under 42 U.S.C. § 1983 must show that (1) "the conduct complained of was committed by a person acting under color of state law" and that (2) "this conduct deprived the claimant of a constitutional right." Rinker v. County of Napa, 831 F.2d 829, 831 (9th Cir. 1987). Section 1983 basically seeks "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights" and to provide related relief. Id., at 161 (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)); see also Owen v. Independence, 445 U.S. 622, 654 (1980). It imposes liability only where a person acts "under color" of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983.

Plaintiff does not allege that 7-Eleven was a state actor. Further, the Complaint does not allege that 7-Eleven acted under the color of state law or that there was any nexus between 7-Eleven and government. Thus, Plaintiff fails to state a claim under 42 U.S.C. § 1983 upon which relief can be granted.

**D. Plaintiff Fails To State A Claim Under For Relief Under 42 U.S.C. § 1985.**

The infirmity in Plaintiff's Section 1983 claim also disposes of his conspiracy cause of action under 42 U.S.C. § 1985 because "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989). As with Plaintiff's § 1983 claim, if Plaintiff intends to pursue a § 1985 claim, he must plead specific facts showing that the private individuals were acting jointly with the State. See United Bd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 832 (1983) (§ 1985(3) claim based on deprivation of Fourteenth Amendment rights requires proof of State involvement or action because the Fourteenth Amendment "protects the individual against state action, not against wrongs done by individuals.").

Moreover, Plaintiff's vague allegations are insufficient to establish 7-Eleven participated in a conspiracy to deprive Plaintiff of his constitutional rights. To prove a section 1985 conspiracy, "the plaintiff must show an agreement or 'meeting of the minds' by the defendants to violate his

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

constitutional rights" Id. at 1181. To state a cause of action under section 1985(3), "a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980). A plaintiff must allege "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (quoted in Blank v. Kirwan (1985) 39 Cal.3d 311, 320, 216 Cal.Rptr. 718, 703 P.2d 58).

Here, Plaintiff's claim fails for several reasons. First, as discussed above, Plaintiff has not alleged that 7-Eleven was a state actor. Second, Plaintiff has presented no facts to show that 7-Eleven entered in to an agreement, with the state or any party, violating his constitutional rights. Third, Plaintiff has not alleged an act in furtherance of a "conspiracy" nor has he plead any damage or deprivation of rights which he claims to have suffered. Finally, no discriminatory animus has been alleged by Plaintiff. Thus, Plaintiff fails to state a claim under 42 U.S.C. § 1985 against 7-Eleven upon which relief can be granted.

**E. Plaintiff Fails To State A Claim For Relief Under The Fourteenth Amendment To The United States Constitution.**

As discussed in section I(1) supra, Plaintiff's claim under the Fourteenth Amendment fails to state a claim upon which relief can be granted because Plaintiff does not allege 7-Eleven was a state actor. A claim based on deprivation of Fourteenth Amendment rights requires proof of State involvement or action because the Fourteenth Amendment "protects the individual against state action, not against wrongs done by individuals." United Bd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 832 (1983). As such, Plaintiff's cause of action under the Fourteenth Amendment against 7-Eleven should be dismissed with prejudice.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

### F. Plaintiff Fails To State A Claim For Relief Under 42 U.S.C. § 1981.

Section 1981 provides, in part, "[a]ll persons in the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). "Make and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id. § 1981(b). Plaintiff, in a section 1981 action, is also required to show intentional discrimination on account of race. Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1986), as amended, 784 F.2d 1407 (9th Cir.1986); see also General Bldg. Contractor Ass'n v. Pennsylvania, 458 U.S. 375, 387-91 (1982).

Here, there is no allegation that a contractual relationship existed between 7-Eleven and Plaintiff, nor is there any reference to an attempt by Plaintiff to make or enforce a contract. As such, Plaintiff's cause of action under 42 U.S.C. § 1981 against 7-Eleven should be dismissed with prejudice.

## V. THE CLAIMS IN PLAINTIFF'S SECOND CAUSE OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

### A. Plaintiff Fails To State A Claim For Negligence.

Plaintiff has failed to state a claim for negligence against 7-Eleven. "To prevail on [an] action in negligence, plaintiff must show that defendants owed [him or] her a legal duty, that they breached the duty, and that the breach was a proximate or legal cause of [his or] her injuries." Sharon P. v. Arman, Ltd. (1999) 21 Cal.4th 1181, 1188, 91 Cal.Rptr.2d 35, 989 P.2d 121, *disapproved on other grounds* in Aguilar v. Atlantic Richfield Co., 25 Cal.4th at p. 853, fn. 19, 107 Cal.Rptr.2d 841, 24 P.3d 493. Plaintiff must also show damages suffered as a result of such alleged breach of duty. See Koepke v. Loo (1993) 18 Cal.App.4th 1444, 1448-49, 23 Cal.Rptr.2d 34.

Plaintiff does not allege that 7-Eleven owed him a duty. The Complaint fails to state a claim against 7-Eleven for negligence because no duty existed between 7-Eleven and Plaintiff. Plaintiff also fails to allege a single fact to show how 7-Eleven breached any alleged duty it owed

to Plaintiff. As such, Plaintiff's cause of action against 7-Eleven for negligence fails to state a claim upon which relief can be granted.

**B. <u>Plaintiff Fails To State A Claim For Harassment.</u>**

Plaintiff's claim for "harassment" is insufficient to state a claim under even the lenient pleading standard of Rule 8. Plaintiff's use of the word "harassment" does not give 7-Eleven sufficient notice of what his alleged claim is or the grounds for his claim. Under Rule 8(a), the plaintiff must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007). (internal citation and quotation marks omitted). Without further explanation, 7-Eleven cannot ascertain the grounds for his harassment claim.

Further, the Complaint does not provide any factual support for any such harassment claim. Without any factual support or statutory references, it is unreasonable to require 7-Eleven to ascertain Plaintiff's bald allegations. Dismissal under Rule (12)(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990). As such, Plaintiff's cause of action against 7-Eleven for harassment fails to state a claim upon which relief can be granted.

**C. <u>Plaintiff Fails To State A Claim For Intentional Infliction Of Emotional Distress.</u>**

Paragraph 5 within Plaintiff's Second Cause of Action contains several claims, the only one of which that is potentially cognizable at this juncture is a claim of intentional infliction of emotional distress. Plaintiff, however, fails to state a claim for which relief can be granted. "Under California law, a plaintiff must prove the following elements to establish intentional infliction of emotional distress: (1) outrageous conduct by the defendant, (2) intentional conduct or reckless disregard of the probability of causing emotional distress, (3) the plaintiff's suffering severe or extreme emotional distress, and (4) causation of the emotional distress by the outrageous conduct. <u>Galvez v. Kuhn</u>, 933 F.2d 773, 779 (9th Cir. 1991) (quoting <u>Trerice v. Blue Cross of California</u> (1989) 209 Cal.App.3d 878, 883, 257 Cal.Rptr. 338, 340). To be outrageous, conduct

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

"must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Newberry v. Pacific Racing Ass'n, 854 F.2d 1142, 1150 (9th Cir. 1988) (citing Cervantez v. J.C. Penney Co. (1979) 24 Cal.3d 579, 593, 595 P.2d 975, 156 Cal.Rptr. 198).

Plaintiff's complaint is devoid of any allegations of conduct, outrageous or otherwise, on the part of 7-Eleven. Plaintiff's conclusory statements do not suffice as factual allegations "if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004). No factual allegations beyond Plaintiff's conclusory legal statements are provided in the Complaint. Plaintiff's references to claims for intentional infliction of emotional distress, as well as for mental suffering, anguish and depression, are too vague or conclusory to satisfy Rule 8's pleading requirements. Accordingly, this claim should be likewise dismissed.

**D. Plaintiff Fails To State A Claim Under California Labor Code Section 216.**

Plaintiff has not alleged that an employment relationship existed between 7-Eleven and himself and therefore cannot bring an action for unpaid wages under the California Labor Code. "An employment relationship must exist in order for the California wage orders or the provisions of the Labor Code governing wages to be applicable." Post v. Palo/Haklar & Associates, (2000) 23 Cal.4th 942, 947, 4 P.3d 928, 931, 98 Cal.Rptr.2d 671, 674 (citing 1 *Wilcox, Cal. Employment Law* (2000) § 1.04[1][a], p. 1-9). No such requisite employment relationship existed nor has it been alleged to exist. Therefore, Plaintiff has failed to state a claim under the California Labor Code upon which relief can be granted.

**VI. CONCLUSION**

For the foregoing reasons, Defendant 7-Eleven, Inc. respectfully requests that the Court grant the instant motion and dismiss the Complaint and all causes of action against it with

/ / /

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

12

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMO OF POINTS AND AUTHORITIES

Case No. CV 08-01012 JF HRL

prejudice or, in the alternative, enter summary judgment in its favor and dismiss the Complaint and all causes of action against it with prejudice.

DATED: July 14, 2008

PAYNE & FEARS LLP

By: ______________________
RICHARD S. FALCONE

Attorneys for Defendant
7-ELEVEN, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

13

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMO OF POINTS AND AUTHORITIES

Case No. CV 08-01012 JF HRL

**PROOF OF SERVICE**

*Kenneth B. Quansah, Jr. v. 7-Eleven Corporation et al.*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, CA 94111.

On July 14, 2008, I served the following document(s) described as INSERT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Kenneth B. Quansah, Jr. *Pro Se*
P.O. Box 51759
San Jose, CA 95151-5759

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 14, 2008, at San Francisco, California.

Bliss Birchett
BLISS BIRCHETT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES