1  RICHARD S. FALCONE, Bar No. 95265
   STEPHEN K. ROBINSON, Bar No. 217898
2  E-Mail: rsf@paynefears.com; skr@paynefears.com
   PAYNE & FEARS LLP
3  Attorneys at Law
   One Embarcadero Center, Suite 2300
4  San Francisco, CA 94111
   Telephone: (415) 398-7860
5  Facsimile: (415) 398-7863

6  ERIC C. SOHLGREN, Bar No. 161710
   E-Mail: ecs@paynefears.com
7  PAYNE & FEARS LLP
   Attorneys at Law
8  4 Park Plaza, Suite 1100
   Irvine, CA 92614
9  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
10
   ERIC A. WELTER (*pro hac vice* application to be
11 submitted)
   E-Mail:  eaw@welterlaw.com
12 WELTER LAW FIRM, P.C.
   720 Lynn Street, Suite B
13 Herndon, Virginia 20170
   Telephone:  (703) 435-8500 ext. 101
14 Facsimile:  (703) 435-8851

15 Attorneys for Defendant
   7-ELEVEN, INC. (improperly named as
16 7-ELEVEN CORPORATION")

17  **UNITED STATES DISTRICT COURT**

18  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19  **SAN JOSE DIVISION**

| | |
|---|---|
| 20 KENNETH B. QUANSAH, JR., | CASE NO. CV 08-01012 JF HRL |
| 21     Plaintiff, | **DECLARATION OF EDIE BAYER IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |
| 22     v. | |
| 23 7-ELEVEN STORE #25561 (JAY MOUSAVI, SADU SIGH), 7-ELEVEN | |
| 24 CORPORATION (JAY MOUSAVI) AND META TECHNOLOGIES, INC. (GARICK / | Hearing Date:  September 12, 2008<br>Time:  9:00 a.m. |
| 25 GORE), A.K.A., | Courtroom:  3, 5th Floor<br>Judge:  Hon. Jeremy Fogel |
| 26     Defendants. | |

DECLARATION OF EDIE BAYER      Case No. CV 08-01012 JF HRL

I, EDIE BAYER, hereby declare and state the following:

1. I am employed by 7-Eleven, Inc. as a Human Resources Generalist in California. I have personal knowledge of the facts set forth in this Declaration and would be competent to testify to them, if called upon to do so.

2. Defendant 7-Eleven, Inc. is a Texas corporation that owns, operates and franchises food stores under the trademarked name "7-Eleven."

3. 7-Eleven franchisees operate 7-Eleven food stores pursuant to a written independent contractor franchise agreement. The 7-Eleven franchise agreement contains a provision that provides that the franchisee agrees to hold himself out to the public as an independent contractor, to control the manner and means of the operation of the store, and to exercise complete control over and responsibility for all labor relations and the conduct of his agents and employees, including the day-to-day operations of the store and all store employees. The franchise agreement also states that 7-Eleven does not exercise any discretion or control over the franchisee's employment policies or employment decisions, that all employees of the store are solely the franchisee's employees and that the franchisee will control the manner and means of the operation of the store.

4. Defendant Mousavi was the franchise owner of 7-Eleven Franchise Store No. 25561 until May 2007. 7-Eleven and Mousavi's relationship was governed by the independent contractor franchise agreement discussed above in paragraph 3. Mousavi was not an employee of 7-Eleven, Inc.

5. 7-Eleven, Inc. has no record of Kenneth B. Quansah, Jr. being an employee of 7-Eleven, Inc. 7-Eleven, Inc. also has no record of Kenneth B. Quansah, Jr. appearing on the payroll records of any 7-Eleven franchisee using the 7-Eleven payroll system.

6. I am not aware of any relationship between 7-Eleven, Inc. and Defendant Meta Technologies, Inc.

7. 7-Eleven, Inc. has no record of Kenneth Quansah filing a charge of discrimination against it with the U.S. Equal Employment Opportunity Commission.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of July, 2008, at Pleasanton, California.

_____
Edie Bayer

<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄<␃␄

# PROOF OF SERVICE

*Kenneth B. Quansah, Jr. v. 7-Eleven Corporation et al.*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is One Embarcadero Center, Suite 2300, San Francisco, CA 94111.

On July 14, 2008, I served the following document(s) described as INSERT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**DECLARATION OF EDIE BAYER IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Kenneth B. Quansah, Jr.            *Pro Se*
P.O. Box 51759
San Jose, CA  95151-5759

[X] **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

[ ] **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

[ ] **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 14, 2008, at San Francisco, California.

*/s/ Bliss Birchett*
BLISS BIRCHETT