1

2          **E-Filed 6/30/09**

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   KENNETH B. QUANSAH, JR.,                 Case Number C 08-1012 JF (HRL)

13                   Plaintiff.               ORDER[1] DENYING MOTION FOR
                                              RELIEF FROM JUDGMENT
14          v.
                                              [Re: Docket No. 30]
15   7-ELEVEN STORE #25561 (JAY MOUSAVI,
     SADU SINGH), et al.,
16
                     Defendants.
17

18

19          Plaintiff Kenneth B. Quansah, Jr. ("Plaintiff"), a frequent litigant in this Court[2],  seeks

20   relief from the order and judgment dismissing the instant action for lack of prosecution.  For the

21   reasons discussed below, the motion will be denied.

22                               I. DISCUSSION

23          Plaintiff filed the instant action on February 20, 2008, alleging multiple employment-

24   related claims and requesting leave to proceed *in forma pauperis*.  The court issued a scheduling

25   _____

26          [1] This disposition is not designated for publication in the official reports.

27          [2]A search of the Court's electronic filing system shows that Plaintiff has filed 12 actions
28   in the Northern District of California since 1993.

1  order setting a case management conference for June 20, 2008.  On April 2, 2008, the Court

2  denied Plaintiff's application to proceed *in forma pauperis*, finding that the supporting papers

3  were incomplete but granting Plaintiff leave to file an amended application.  On April 15, 2008,

4  Plaintiff filed a second application to proceed *in forma pauperis*.  The Court granted the

5  application on May 27, 2008.[3]

6      Although Plaintiff now contends that his submission of a second application for leave to

7  proceed *in forma pauperis* necessitated the re-scheduling of the initial case management

8  conference, it is undisputed that Plaintiff failed to appear at the conference scheduled for June 20,

9  2008.  Accordingly, June 25, 2008, the Court ordered Plaintiff to show cause why the action

10  should not be dismissed for lack of prosecution, instructing Plaintiff to file any response by July

11  15, 2008 and setting a hearing for July 25, 2008.  The record reflects that a copy of the order to

12  show cause  was sent to Plaintiff's post office box, where Plaintiff received and later continued

13  to receive communications from the Court.  Plaintiff nonetheless claims that he never received

14  the order to show cause.

15      On July 14, 2008, Defendant 7-Eleven Store filed an answer, and Defendant 7-Eleven

16  Corporation filed a motion to dismiss.  On July 25, 2008, Plaintiff failed to appear at the hearing

17  on the order to show cause, and the Court dismissed the instant action without prejudice for lack

18  of prosecution.  Plaintiff claims that on or about the same date, he sought but was denied a new

19  scheduling order from the Clerk's office.  Plaintiff thereafter filed several procedurally improper

20  motions attempting to revive his case, and in response to each motion, the Court directed

21  Plaintiff to Fed. R. Civ. P. 60(b).  Plaintiff filed the instant motion on February 24, 2009.

22                              **II. LEGAL STANDARD**

23      The Federal Rules of Civil Procedure allow relief from judgment on the grounds of "(1)

24  mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies

25  relief."  Fed. R. Civ. P. 60(b).  A motion for relief for excusable neglect must be made "not more

26  _____

27      [3] Plaintiff believes that his decision to re-file his application to proceed *in forma pauperis*
28  caused the U.S. Marshals Service to not serve the complaint. However, as noted below,
    Defendants responded to the complaint and thus appeared in the instant action.

2

than one year after the judgment, order, or proceeding was entered or taken." *Id*.

The disposition of a Rule 60(b) motion is a matter "which lies largely within the discretion of the district court." *Provident Sec. Life Ins. Co. v. Gorsuch*, 323 F.2d 839, 842 (9th Cir. 1963). "Rule 60(b) is remedial in nature and therefore must be liberally applied . . . Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985) (internal citations omitted). Failure by the movant to cite the applicable standards does not relieve the district court of its duty to apply the correct legal standard. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

The term "excusable neglect" in Rule 60(b)(1) generally should be read consistent with its meaning in the bankruptcy context, meaning that applicable bankruptcy precedent is relevant. *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir. 1997). In evaluating whether the particular neglect was excusable, the Court must consider "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Pursuant to Rule 60(b)(6), a party is entitled to relief if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Pioneer*, 507 U.S. at 393. The "excusable neglect" and "any other reason" provisions are mutually exclusive: "The 'excusable neglect' clause is interpreted as encompassing errors made due to the 'mere neglect' of the petitioner whereas (b)(6) is intended to encompass errors or actions beyond the petitioner's control." *Community Dental Services v Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002)

### III. DISCUSSION

Plaintiff's motion for relief is timely because it was filed within one year of the entry of judgment. The Court therefore turns to the issue of whether Plaintiff is entitled to relief pursuant to subsection (b)(1) or (b)(6) of Rule 60(b).

**A.    Rule 60(b)(6)**

Plaintiff's alleged non-receipt of the order to show cause must be analyzed under

3

1  subsection (b)(6), because if indeed he did not receive the order, such non-receipt was a factor

2  beyond his control rather than a product of negligence on his part.  However, there is  a

3  rebuttable presumption that if a document was mailed, the addressee received it.  If there is

4  sufficient evidence to raise the presumption, the burden shifts to the receiving party to show that

5  the document never arrived.  *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001).

6      Official court records show that the order to show cause was mailed to Plaintiff's address

7  of record, which is enough to raise the applicable presumption.  It is not sufficient for the

8  plaintiff merely to state that the document never was received.  *Id*.  Plaintiff presents no other

9  evidence, circumstantial or otherwise, that he did not receive the order.  Particularly in light of

10  the fact that Plaintiff apparently received all other correspondence from the Court at the same

11  post office box both before and after his alleged non-receipt of the order to show cause, it must

12  be presumed that Plaintiff received the order.

13  **B.    Rule 60(b)(1)**

14      Since Plaintiff must be presumed to have received the order, his claim for relief turns on

15  his success in demonstrating "excusable neglect" under 60(b)(1).  While Plaintiff does not

16  specify any excuse–he relies entirely on his purported non-receipt of the order–he implies that

17  there was confusion regarding the need for a new case management schedule.  However, Plaintiff

18  offers no explanation for his belief that the granting of his second application to proceed *in forma*

19  *pauperis* invalidated the existing schedule.  Moreover, the order setting the hearing on the order

20  to show cause was issued a month after Plaintiff's second application to proceed *in forma*

21  *pauperis* was granted.  Even if Plaintiff believed that the existing schedule had been superseded,

22  any subsequent scheduling, such as the setting of the hearing, already would have taken this into

23  account.  It was entirely within Plaintiff's reasonable control whether to appear at the hearing.  It

24  also was within Plaintiff's reasonable control to comply with the Court's subsequent directive to

25  seek relief under Fed. R. Civ. P. 60(b) rather than by filing other, improper requests for relief.

26  Defendants would suffer substantial prejudice if required to appear in a case that was dismissed

27  nearly a year ago.  Accordingly, the Court concludes that Plaintiff's neglect was not excusable.

28

4

1

**IV. ORDER**

2        Good cause therefor appearing, the motion for relief from judgment is DENIED.

3        IT IS SO ORDERED.

4

5

6

7    DATED: 6/29/09

8                                          _____
                                           JEREMY FOGEL
9                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1   Copies of Order served on:

2

3   Eric A. Welter eaw@welterlaw.com, eawelter@verizon.net

4   Richard S. Falcone rsf@paynefears.com, bbirchett@paynefears.com,
    SF.CourtNotices@paynefears.com
5

6   Gary Bruce Wesley

7   Attorney at Law

    707 Continental Circle #424
8   Mountain View, CA 94040

9   Kenneth B. Quansah, Jr

10  PO Box 51759

    San Jose, CA 95151-5759
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-1012 JF (HRL)
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
(JFEX1)